**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                 nring@theurbanlawfirm.com
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>Plaintiffs,<br><br>vs.<br><br>PEGASUS MARBLE, INC., a Nevada corporation; and GAGIK ZARGARYAN, an individual,<br><br>Defendants. | CASE NO:<br><br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA**<br><br>**[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs, jointly and severally, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary

1

134592

1  pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the district in which the Plaintiff Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

5. Plaintiffs are the TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND (collectively hereinafter "Local 13 Trusts"); BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA (hereinafter "Local 13"); TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE (hereinafter "International Trusts"). Plaintiffs are express trusts created pursuant to formal written Declarations of Trust (hereinafter "Trust Agreements") between Local 13 and the Nevada Masonry Employers, the Nevada Tile, Marble, Stone, and Terrazzo Contractors

2

Association. The Trusts were created and now exist pursuant to § 302(c) of the Labor-Management Relations Act of 1947, as amended 29 U.S.C. § 186©.

6. At all times material herein, Local 13 has been a labor organization representing employees in the tile, masonry, and trowel trades industry in Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended 29 U.S.C. § 185(a).

7. Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant PEGASUS MARBLE, INC., (hereinafter "Pegasus Marble") has been a corporation organized and existing by the virtue of the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

9. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant GAGIK ZARGARYAN (hereinafter "Mr. Zargaryan") is an individual, president and treasurer of Pegasus Marble.

10. Pegasus Marble is a signatory employer to the Master Labor Agreement for Southern Nevada (hereinafter "MLA" or "Labor Agreement"), which was negotiated between Local 13 and the Nevada Masonry Employers, the Nevada Tile, Marble, Stone, and Terrazzo Contractors Association.

11. Pegasus Marble agreed to be bound by the terms and conditions of the MLA on November 20, 2012 and at the same time ceded its bargaining and negotiation rights for a successor agreement to the employer association. By becoming a signatory employer to the MLA, Pegasus Marble also acknowledged and accepted each of the Trust Agreements.

12. Since November 20, 2012, Pegasus Marble has been obligated to the terms and provisions of the MLA and related Trust Agreements.

13. Pegasus Marble is an "employer," as that term is defined in the MLA and related Trust Agreements.

3

134592

14. Pegasus Marble is an "employer" as defined and used in Section 3(5) of ERISA, as codified at 29 U.S.C. § 1002(5), and therefore, Pegasus Marble is "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, as codified at 29 U.S.C. § 1145. Plaintiffs are informed and believe and thereon allege that Pegasus Marble is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, as codified at 29 U.S.C. § 142(1) and § 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**FIRST CLAIM FOR RELIEF**
**Breach of Written Collective Bargaining**
**Agreements and Related Trust Agreements – Pegasus Marble**

15. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. Since November 20, 2012, there were in effect successive collective bargaining agreements between Local 13 and Pegasus Marble (hereinafter referred to as the "Labor Agreement" or "MLA"). Pegasus Marble recognized Local 13 as the authorized representative of its employees and agreed to be bound to the terms of the Labor Agreement.

17. At all times material herein, Defendant Pegasus Marble has been obligated to the terms and provisions of the Labor Agreement.

18. Pursuant to the terms and conditions of the Labor Agreement, and at all times relevant herein, Pegasus Marble was bound by the Declaration of Trusts establishing the BAC 13 Trusts and the International Trusts and was bound by the policies and procedures promulgated by the Board of Trustees of the BAC Trusts and the International Trusts. The Labor Agreement and the policies and procedures established by the Board of Trustees of the Trusts required Pegasus Marble to contribute monthly fringe benefit contributions to the Trusts for each hour worked by or paid to Pegasus Marble' employees who were covered by the Labor Agreement and to report the names of the employees and hours worked on a monthly basis in a manner determined by the Board of Trustees of the Trusts.

19. Pegasus Marble is an "employer," as that term is understood and defined in the

4

134592

Labor Agreement and related Trust Agreements.

20. Under the terms and provisions of the Labor Agreement, and related Trust Agreements, and at all times material herein, Defendant Pegasus Marble was obligated to the following:

20.1 Defendant Pegasus Marble was obligated to prepare and submit true, complete and accurate written monthly contribution reports to the BAC 13 Trusts and also to the International Trusts on a timely basis showing i) the identities of employees performing work covered by the Labor Agreement, ii) the number of hours worked by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to same employees, which monthly contribution reports are due on the 15th day of each successive month; and

20.2 Defendant Pegasus Marble was required to maintain adequate records or work performed by and amounts paid to its employees and subcontractors. Pegasus Marble was obligated to permit the Trusts and their agents to conduct audits of Pegasus Marble payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Labor Agreement and related Trust Agreements; and

20.3 Defendant Pegasus Marble was obligated to properly pay fringe benefit contributions to the Trusts. Benefits and/or other withholdings were to be made on a monthly basis, and at specified rates for each hour worked by or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

21. The Plaintiffs engaged the auditing firm of Rubin Brown to audit the payroll and related records of Pegasus Marble. The Plaintiffs' auditor performed an audit of Pegasus Marble's

134592

1  payroll and related records and reviewed records of Pegasus Marble's sister company, Las Vegas
2  Management Group, LLC.
3      22.   The audit revealed Pegasus Marble underpaid fringe benefit contributions to the
4  Trusts.  The audit also revealed, Pegasus Marble used union dispatched employees on projects of
5  its sister company Las Vegas Management Group. The amounts owed by Pegasus Marble are as
6  follows:

| | |
|---|---:|
| Contributions (Work Outside Payroll) | $28,413.37 |
| Contributions (Las Vegas Management Group, LLC) | $40,729.29 |
| Contributions (underpaid for Palazzo project) | $50,414.40 |
| Liquidated Damages | $19,043.54 |
| Interest | $26,027.44 |
| Audit Fees | $41,405.00 |
| **TOTAL:** | **$206,033.40** |

23.   Pegasus Marble disputed that it owed amounts to the Trusts and presented information that it claimed showed it did not owe any amounts to the Trusts. Those amounts were reviewed and it was determined the audit results would not be revised because Pegasus Marble's information did not warrant any amendment to the audit results.

24.   A final demand letter was sent to Pegasus Marble in January 2019 with the Trustees' final proposal for resolution.

25.   On February 25, 2019, Pegasus Marble responded to the Trustees' letter by continuing to claim it did not owe the amounts shown in the audit results.

26.   To date, despite the Trusts' efforts to obtain compliance with the audit results, Pegasus Marble has refused to pay the total amount shown in the audit results.

27.   Pegasus Marble's failure to accurately pay fringe benefit contributions to the Trust Funds is a breach of its Labor Agreement with Local 13 and a breach of the Trust Agreements incorporated therein.

6

134592

28. Pursuant to 29 U.S.C. § 1132(g)(2), Pegasus Marble owes the Trust Funds interest, at the contractual rate established within the Trust Agreements, on all unpaid contributions from the dates the sums were originally due to the Trust Funds to the date of judgment. Upon entry of judgment, the Trusts are entitled to post-judgment interest at the highest rate allowed by law. The amount of said interest will be established by proof at trial.

29. Pursuant to 29 U.S.C. § 1132(g)(2), Pegasus Marble owes the Trust Funds liquidated damages of 20% of the unpaid contributions owed. These amounts will be proven through a dispositive motion or trial in this matter.

30. Pursuant to 29 U.S.C. § 1132(g)(2), Pegasus Marble owes the Trust Funds the attorneys fees and costs and the audit costs expended by the Trust Funds in this matter. These amounts will be proven through a dispositive motion or trial in this matter.

**SECOND CLAIM FOR RELIEF**
**Beach of 29 U.S.C. § 1145**
**Against Pegasus Marble**

31. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. 29 U.S.C. § 1145 provides:
Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

33. Pegasus Marble is obligated to contribute to a multiemployer plan under the terms of the Trust Agreements establishing the Plaintiff Trust Funds and its Labor Agreement with Local 13.

34. Pegasus Marble failed to submit proper contributions to the Trust Funds, which violated 29 U.S.C. § 1145.

35. Pegasus Marble's violation of 29 U.S.C. § 1145 entitles the Trust Funds to recover the damaged stated in 29 U.S.C. § 1132(g)(2) along with the unpaid contributions.

7

134592

## THIRD CLAIM FOR RELIEF
**Breach of Fiduciary Duty as to the Vacation Trust Fund**
**Against Gagik Zargaryan**

36. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), provides that "a person is a fiduciary with respect to a plan to the extent (i) he . . . exercises any discretionary authority or control respecting . . . disposition of its assets . . . ."

38. At all times material herein, Mr. Zargaryan was a "fiduciary" pursuant to ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A), and is therefore individually and separately liable for the violation of his ERISA fiduciary duties to the Vacation Fund.

39. ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and-- (A) for [the] exclusive purpose of (i) providing benefits to participants and their beneficiaries; and . . . (D) in accordance with the documents and instruments governing the plan . . . ." ERISA Section 404(a)(1)(A), as amended 29 U.S.C. § 1104(a)(1)(A). More specifically, ERISA provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries . . . ." ERISA Section 403(c)(1), as amended 29 U.S.C. §1103(c)(1).

40. The fringe benefit contributions required to be paid by Pegasus Marble to the TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND are monies funded exclusively by deductions from the covered employees' personal compensation. This is as opposed to direct employer contributions, which are made to the other funds party hereto.

41. At all times material herein Defendant, Mr. Zargaryan, was the controlling owner, officer, and shareholder of Defendant Pegasus Marble.

42. At all times material herein Defendant Mr. Zargaryan, in his role as controlling officer, owner and shareholder accrued a direct beneficial and pecuniary interest in the activities of Pegasus Marble.

134592

43. At all times material herein, Defendant Mr. Zargaryan, was responsible for the day-to-day operations of Pegasus Marble and, as such, for the withholding of monies from the covered employees' paychecks and the subsequent decisions pertaining to the transmittal of these contributions to the Vacation Fund.

44. Pegasus Marble, without legal justification or excuse, failed to accurately and timely transmit the monies withheld from covered employees' wages to the relevant trust fund, which monies have been withheld for the account and benefit of Pegasus Marble and Mr. Zargaryan, as shown in the audit results.

45. Mr. Zargaryan's failure to accurately and timely transmit the funds due to the Vacation Fund is a breach of his ERISA fiduciary duties.

46. A constructive trust should be imposed for the monies withheld from the covered employees' wages for transmittal to the Vacation Fund.

47. A constructive trust is also appropriate due to Mr. Zargaryan's violation of his fiduciary duties under ERISA.

48. Mr. Zargaryan is liable to the Vacation Fund for all unpaid fringe benefit contributions to that Fund and under 29 U.S.C. § 1132(g)(1) for the attorney's fees and costs incurred by the Vacation Fund in this proceeding.

…

…

…

…

…

…

…

…

…

…

…

134592

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Trusts pray for judgment against Pegasus Marble and Gagik Zargaryan and each of them, jointly and severally, as follows:

1. For unpaid fringe benefit contributions in amounts as proved;

2. For damages for breach of contract in amounts as proved;

3. For audit expenses in amounts as proved;

4. For interest at the contractual rates on all fringe benefit contributions and/or damages until paid in full;

5. For the Trusts' reasonable attorney's fees;

6. For the Trusts' costs of suit incurred herein; and

7. For such additional relief as this Court deems just and proper.

Dated:  February 28, 2019            **THE URBAN LAW FIRM**

By: */s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
*Counsel for Plaintiffs*

10

134592